GREENBERG v. SHINDEL et al.

(Supreme Court, Appellate Term. April 8, 1911.)

1. TROVER AND CONVERSION (§ 36*)—ACTIONS—ADMISSION OF EVIDENCE.
 In an action for the conversion of tools, which plaintiff claimed defendant had seized to satisfy an alleged claim against plaintiff, in which defendant denied having any claim against plaintiff at the time of the al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged conversion, plaintiff could show that, the day after the goods were seized, defendant began an action against him for a certain sum, and, after laying the proper foundation, put in evidence the summons and complaint therein, to prove that defendant was instrumental in seizing the tools, and did not merely stand by while they were seized, as claimed.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 36.*]

2. TRIAL (§ 146*)—WITHDRAWAL OF JUROR—GROUNDS—MISCONDUCT OF COUNSEL.

Where plaintiff's counsel, who was entitled to introduce in evidence the summons and complaint in a former action between the parties, introduced the whole judgment roll, and read to the jury the justice's indorsement thereon, denying judgment for plaintiff's adversary, and intimating strongly that the adversary was a confessed perjurer, though such matter was wholly outside the issues then on trial, it was a deliberate attempt to prejudice the jury by extraneous matters, and defendant's motion to withdraw a juror was improperly denied.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 329; Dec. Dig. § 146.*]

3. APPEAL AND ERROR (§ 1031*)—PRESUMPTION OF PREJUDICE FROM ERROR.

In such case, the appellate court will not inquire whether the improper evidence was in fact prejudicial, but will presume that it had the prejudicial effect which counsel must have intended it to have.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rubin Greenberg against Wolf Shindel and others. From a judgment for plaintiff, defendants Shindel appeal. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Adolpf Benevy, for appellant David Shindel.
Sydney Rosenthal, for appellant Wolf Shindel.
Barnett E. Kopelman, for respondent.

LEHMAN, J. The plaintiff sues for the conversion of the machinery and tools used in his business. The defendant Wolf Shindel and David Shindel claim that they had no direct part in the taking of the goods, but simply stood by while the goods were seized and carried away by one Tisimintzer, who claimed to be a partner of plaintiff and equally entitled to the possession of the goods.

When the defendant David Shindel was on the stand, he denied upon cross-examination that at the time of the alleged conversion he had any claim against the plaintiff. [1] It was apparently the plaintiff's theory that the defendant Shindel did have a claim, and sought to satisfy it by summarily seizing the plaintiff's goods. For this purpose he could show by proper questions that on the day after the taking of the goods Shindel started an action in the Municipal Court against the plaintiff for an alleged balance due him of $300, and might, after the proper foundation was laid, introduce in evidence the summons and complaint in that action. [2] The plaintiff, however, went fur-

ther, and introduced the entire judgment roll, and *read to the jury* the indorsement by the justice:

"To give judgment in this case I must give credit to the testimony of a confessed perjurer. That I am unwilling to do. Judgment for defendant."

It is quite evident that the plaintiff's attorney desired to convey to the jury that a judge believed the defendant to be a confessed perjurer. He deliberately attempted to prejudice them, by bringing to their attention a matter which he must have known was not within the issues, and it was the duty of the trial justice to grant the motion of the defendant made immediately thereafter, for the withdrawal of a juror.

[3] Whether or not the jury was actually prejudiced should not be considered by us, but for the purposes of this appeal we should presume that the plaintiff's conduct had exactly the effect that it was evidently intended to produce. The verdict is also based upon absolutely insufficient evidence of value.

Judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.